# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHARON AYERS,

    Plaintiff,

v.                                             Case No: 8:19-cv-905-TPB-AAS

AREA AGENCY ON AGING OF
PASCO-PINELLAS, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on "Defendant's Dispositive Motion for Summary Judgment, and Supporting Memorandum of Law," filed on December 15, 2020. (Doc. 36). Plaintiff filed a response in opposition on January 28, 2021. (Doc. 39). The Court held a hearing on the motion on April 28, 2021. The Court permitted Plaintiff to supplement the summary judgment record and permitted the parties to file supplemental memoranda. Defendant filed a supplemental memorandum on May 11, 2021. (Doc. 48). Based on the motion, response, argument of counsel, Defendant's supplemental memorandum, court file, and record, the Court finds as follows:

## Background

Defendant Area Agency on Aging of Pasco-Pinellas, Inc., is a non-profit that serves seniors and individuals with disabilities. Plaintiff Sharon Ayers, who is

black, applied for the position of Executive Director of Defendant in 2016 and again in 2017. In both instances, Defendant's "Executive Transition Committee" (the "Committee"), consisting of members of Defendant's Board of Directors, met to consider applicants and make a recommendation to the Board.[1] In 2016, some of the members made comments concerning performance problems they had experienced with Plaintiff when she had been employed by Defendant in the past. Plaintiff was selected for further consideration following these comments, but ultimately was not recommended by the Committee.

In 2017, the Executive Director position opened again. At a Committee meeting, one member who made negative comments regarding Plaintiff in 2016 did so again and further questioned Plaintiff's willingness to work with people of every race, creed, age, and financial situation. Plaintiff was not among the five candidates the Committee selected for further consideration. The Committee recommended Ann Marie Winter, who is white, and Defendant hired Winter as Executive Director.

Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that she was discriminated against and not selected for the position solely because of her race. She seeks, among other things, injunctive relief, back pay, compensatory and punitive damages, and fees and costs. Defendant has moved for summary judgment.

---

[1] Committee meetings were recorded and Plaintiff has filed transcripts of recordings in opposition to summary judgment.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id*.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges that Defendant hired a white individual rather than Plaintiff "solely on the basis of her race (African American)," in violation of Title VII. The parties agree that

Plaintiff's claim is to be analyzed for purposes of summary judgment under the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under that framework, the plaintiff must make out a prima facie case by showing that (1) she is a member of a protected class, (2) she was qualified for the position and applied for it, (3) she was not considered for the position despite her qualifications, and (4) equally or less qualified individuals outside the protected class were considered or hired for the position. *Underwood v. Perry Cty. Comm'n*, 431 F.3d 788, 794 (11th Cir. 2005). Establishing a prima facie case creates an initial presumption of discrimination. *See Flowers v. Troup Cty., Ga. Sch. Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015).

The burden then shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for its actions." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1221 (11th Cir. 2019) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). "Once the employer advances its legitimate, nondiscriminatory reason, the plaintiff's prima facie case is rebutted and all presumptions drop from the case." *Flowers*, 803 F.3d at 1336 (citing *Burdine*, 450 U.S. at 255). The burden then shifts back to the plaintiff to demonstrate that the defendant's reasons were a pretext for discrimination. *Lewis*, 918 F.3d at 1221.

Defendant concedes that Plaintiff is able to establish a prima facie case. Defendant's asserted non-discriminatory reason for hiring Winter rather than Plaintiff is that the Committee and Board believed that Winter was the most

qualified candidate. Defendant contends it believed Winter best fit Defendant's vision for the position, with an emphasis on political outreach, development, and fundraising. Defendant has submitted affidavits by Committee members supporting its contention.

The Eleventh Circuit has held that a defendant's burden to provide nondiscriminatory reasons for its actions is "a low bar to hurdle." *Flowers*, 803 F.3d at 1336. The defendant "need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Vargas v. Michaels Stores, Inc.*, Case. No. 8:16-cv-1949-T-33JSS, 2017 WL 2931379, at *14 (M.D. Fla. July 10, 2017) (quoting *Weston-Brown v. Bank of Am. Corp.*, 167 F. App'x 76, 80 (11th Cir. 2006)). Defendant's proffered reason constitutes a legitimate, non-discriminatory reason.

The burden therefore shifts to Plaintiff do demonstrate that Defendant's stated reasons are merely pretextual. The Eleventh Circuit has observed that "[a] reason is pretextual only if it is false and the true reason for the decision is discrimination." *Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale*, 803 F. App'x 295, 303 (11th Cir. 2020); *Langford v. Magnolia Adv. Mat., Inc.*, 709 F. App'x 639, 641 (11th Cir. 2017) ("An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

Evidence of pretext must be enough to "allow a reasonable finder of fact to conclude that the [employer's] articulated reasons were not believable." *Callahan v.*

*City of Jacksonville, Fla.*, 805 F. App'x 749, 753 (11th Cir. 2020) (quoting *Brooks v. Cty. Comm'n of Jefferson Cty.*, 446 F.3d 1160, 1163 (11th Cir. 2006)). The plaintiff must "demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1275 (11th Cir. 2008) (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)). Where the defendant provides multiple nondiscriminatory reasons for its actions, the plaintiff must rebut each reason as pretextual. *Hicks-Washington*, 803 F. App'x at 302-03.

Plaintiff's proffered evidence fails to meet her burden of showing pretext. Plaintiff argues extensively that the Committee and Board had no express "rubric" or criteria governing their selection of a new Executive Director, that they had been insufficiently trained to avoid racial discrimination, and that Defendant did not publish its "vision" for the Executive Director position as part of the qualifications for the position. Even if Plaintiff were correct on these points, however, they are not probative of pretext or discrimination. *See, e.g.*, *Sprowl v. Mercedes-Benz U.S. Int'l*, 815 F. App'x 473, 480 (11th Cir. 2020) (stating that "[a]bsent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext under Title VII . . . .") (internal quotation omitted).

Plaintiff argues that she was as qualified or more qualified than Winter. But Plaintiff cannot avoid summary judgment based on her qualifications unless she

shows that no reasonable person could have made the decision Defendant did. *See, e.g., Brooks*, 446 F.3d at 1163. Plaintiff's evidence does not meet this standard.

Plaintiff argues that Elithia Stanfield, a Committee member who is black, "changed her testimony" between her deposition and her summary judgment affidavit. Stanfield's affidavit states that the Committee recommended Winter because she was the most qualified candidate, that Plaintiff's race was never discussed, and that Stanfield did not consider the applicants' races in reaching her decision. Contrary to Plaintiff's argument, Stanfield did not testify in deposition that the hiring proceedings had been unfair to Plaintiff, much less that racial discrimination had been involved. Stanfield testified only hypothetically that it would not have been fair if the Committee had entertained "extrinsic" information going beyond Plaintiff's paper qualifications (e.g., information from Committee members' personal experience with Plaintiff), but did not do so as to other candidates. The record evidence shows that the Committee did consider such information as to other candidates, including evidence that one candidate had been fired for sexual misconduct in the workplace.[2] Moreover, an unfair decision does not equate to a racially discriminatory decision.

Plaintiff disputes some of the statements made by Committee members in 2016 and 2017 regarding negative experiences with Plaintiff, calling one of them

---

[2] Plaintiff also points to purported differences between statements contained in the affidavits of other Committee members filed in support of Defendant's motion for summary judgment and their recorded statements in 2017 Committee meetings. None of the alleged differences is material or shows that Defendant's proffered reasons are unworthy of credence.

"completely fabricated." But she offers no evidence suggesting that the speakers themselves did not believe their statements to be true, even if mistakenly so. An employer may act based on erroneous facts without violating Title VII, as long as the reason for its action is not discriminatory. *Langford*, 709 F. App'x at 641; *see also Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) ("The question is whether [the plaintiff's] employers were dissatisfied with her for . . . non-discriminatory reasons, even if mistakenly or unfairly so, or instead merely used those complaints" as a cover for discrimination); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (proper inquiry is whether employer believed employee was guilty of misconduct, not whether employee actually was guilty). The "inquiry is limited to whether the employer gave an honest explanation of its behavior." *Id.* Plaintiff has pointed to no evidence that the reasons offered by Defendant for its hiring decision were not the real reasons.

Finally, Plaintiff points to a statement by Committee member Jan Rauer, who had commented negatively on Plaintiff during the 2016 hiring process. In the 2017 meetings, Rauer stated that Plaintiff "was on the bottom of the list for the previous reasons of the discussions that we have had before." Rauer then stated:

> I think that everybody who applies for this job has to be willing to work with every race [stuff] and ethnicity, color, creed, financial situation, and I do not want to see someone who is just geared in one avenue, whether it is just the disabled, or it is just age, or it is just ethnicity related. So, she went to the bottom for that reason.

Plaintiff argues that the statement was "based on race," "showed implicit racism," and constituted "incredibly discriminatory behavior." The Court disagrees.

The statement does not mention Plaintiff's race. It addresses Plaintiff's behaviors or attitudes. The statement does not on its face suggest hostility or other negative attitude toward Plaintiff because she is black, any more than would the same statement made by a black Committee member regarding a white applicant. It would be a different matter if Plaintiff were able to present some other evidence suggesting that Rauer harbored racial animus, or that other members understood her statement in that way, but she has offered none.[3]

Plaintiff has failed to overcome Defendant's offer of a legitimate, non-discriminatory reason for its hiring decision and has presented no probative evidence of racial discrimination. Defendant's motion for summary judgment is therefore granted.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Dispositive Motion for Summary Judgment, and Supporting Memorandum of Law" (Doc. 36) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Defendant Area Agency on Aging of Pasco-Pinellas, Inc., and against Plaintiff Sharon Ayers on the complaint.

(3) Following the entry of judgment, the Clerk is directed to terminate any

---

[3] Rauer is deceased and her deposition was not taken in this case.

pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of June, 2021.

                                            **TOM BARBER**
                                            **UNITED STATES DISTRICT JUDGE**